NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2722
_____

JAYVON WRIGHT; ANTOINE MURREY; KEITH MEDLEY; GREGORY GRIFFIN;
RASHAD EL, INDIVIDUALLY AND ON BEHALF OF A CLASS OF OTHERS
SIMILARLY SITUATED,
                                                            Appellants

v.

CITY OF WILMINGTON
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:13-cv-01966)
District Judge: Honorable Sue L. Robinson
_____

Argued: January 25, 2017

Before: KRAUSE, SCIRICA, and FUENTES, *Circuit Judges*

(Opinion filed: February 17, 2017)

Stephen P. Norman (ARGUED)
30838 Vines Creek Road
Dagsboro, DE 19939

*Counsel for Appellants Jayvon Wright, Antoine Murrey, Keith Medley, Gregory Griffin,
and Rashad El*

C. Malcolm Cochran, IV (ARGUED)
Kelly E. Farnan
Christine D. Haynes
Travis S. Hunter
Richards Layton & Finger
920 North King Street
Wilmington, DE 19801

*Counsels for Appellee City of Wilmington*

—————

OPINION[*]

—————

KRAUSE, *Circuit Judge*.

Appellants Jayvon Wright, Antoine Murrey, Keith Medley, Gregory Griffin, and Rashad El were granted leave to file this interlocutory appeal pursuant to Federal Rule of Civil Procedure 23(f) challenging the District Court's denial of their motion for class certification pursuant to Rule 23(b)(2) and Rule 23(b)(3). We now dismiss Appellants' appeal as improvidently granted.

We find this unfortunate step necessary because, as became apparent at oral argument,[1] the District Court's order that is purportedly under review—denying class certification for failure of the proposed class to satisfy our "ascertainability" requirement, *see Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 592-93 (3d Cir. 2012)—pertains to a

—————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Oral Arg. (argued Jan. 25, 2017), *available at* http://www2.ca3.uscourts.gov/ oralargument/audio/16-2722WrightetvCityofWilmington.mp3.

class definition that was superseded in Appellants' amended complaint. That is, the District Court here granted Appellants' motion for leave to file the amended complaint with a different class definition than previously proposed.[2] Yet, rather than properly dismissing Appellants' then-pending motion for class certification as moot in light of the change to the class definition in the amended complaint and waiting for Appellants to move to certify the new class, the District Court erroneously proceeded to address the merits of the pending motion, holding that the original class was not ascertainable and declining to address other objections to the Magistrate Judge's ruling on class certification.[3] Compounding the error, Appellants opted not to file a motion to certify the new class, but instead to petition this Court pursuant to Rule 23(f) to review the District Court's ruling on the superseded class. In sum, Appellants have not yet filed—and thus, *a fortiorari*, the District Court has not yet ruled upon—any motion to certify the newly-defined class.

---

[2] *Compare* App. 49 (defining class as "[a]ll persons who have been handcuffed, transported, searched, and imprisoned by Wilmington Police Department based only upon reasonable suspicion of a crime during [the applicable time frame]"), *with* App. 85 (defining class as "[a]ll persons taken into custody pursuant to the Investigatory Detention Policy of Wilmington Police Department, which authorizes officers of the police department to handcuff, transport, search, and imprison persons for a period of up to two hours based only upon reasonable suspicion of a crime during [the applicable time frame]").

[3] The amended complaint also identified two additional named plaintiffs, presented additional factual allegations regarding the operation of the challenged policies, and attached two new exhibits in support of the Appellants' allegations. These additions, which may be relevant to the ascertainability analysis, were also not properly before the District Court for consideration in connection with Appellants' motion to certify the original class.

Appellants suggested at argument that the District Court's opinion, adopting the Magistrate Judge's Report and Recommendation, could be read as ruling on the new class definition. The record does not support that reading. The District Court states that "[Appellants'] motion to certify class is denied," a motion pertaining only to the original class, and at no point acknowledges or addresses the new class definition. App. 6. Moreover, while the Magistrate Judge's Report and Recommendation adopted by the District Court makes reference at various points to Appellants' amended complaint, the Magistrate Judge quotes in full the original class definition, and likewise states unambiguously that she is recommending Appellants' motion to certify that class—the only motion to certify Appellants have filed—be denied. Thus, we agree with Appellee that this case is "not ready" for our review. Oral Arg. at 27:06. Instead, the parties should have the opportunity to raise arguments relevant to certification of the newly-defined class before the District Court, and the District Court should consider those arguments in the first instance.

In addition, we note that the District Court declined to address Appellants' proposed Rule 23(b)(2) class on the ground that it had already determined the class was not ascertainable. This too was in error: Ascertainability is not a requirement for certification of a Rule 23(b)(2) class. *Shelton v. Bledsoe*, 775 F.3d 554, 563 (3d Cir. 2015). Thus, should Appellants file a motion for class certification in connection with their amended complaint, the District Court should address the viability of such class or classes under the relevant criteria, as well as threshold issues including Appellants'

4

standing to seek injunctive and declaratory relief in view of *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983).

For the foregoing reasons, we conclude that leave to appeal was improvidently granted, the Court's Order entered on May 31, 2016, in *Wright, et al. v. City of Wilmington*, C.A. No. 16-8032, will be vacated, and Appellants' appeal will be dismissed.